UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JONES BROS., INC.,

    Plaintiff,

v.                                                    CASE NO: 8:07-cv-1703-T-26EAJ

CH2M HILL, INC., and
SCOTT L. BEAR,

    Defendants.
_____/

## **O R D E R**

Before the Court is Defendant's Motion for Partial Summary Judgment and exhibits (Dkts. 55, 58-64) and Plaintiff's Response in Opposition and exhibits (Dkts. 82, 75-80, 83 & 84). After careful consideration of the submissions of the parties and the entire file, the Court concludes that the motion should be granted in part as to Defendant Scott Bear (Bear) with respect to the breach on implied warranty claim embodied in count III and denied in all other respects.

### **COUNT II (Negligence Against CH2M)**

Jones Bros., Inc. (JBI) brings count II against both CH2M Hill, Inc. (CH) and Bear for negligence in the preparation and design of construction documents, the failure to warn of changes, errors and omissions in the design documents, and the failure to properly supervise the design work for a project involving Interstate 4 (I-4). Based on the

existence of an Agreement for Engineering Services, effective August 22, 2002, in which CH agreed to provide design engineering services for JBI in the I-4 project, CH asserts that Florida's economic loss rule bars an action against CH. CH argues that because CH is in contractual privity with JBI, contract principles should control their losses as opposed to tort law, citing Indemnity Ins. Co. of North America v. American Aviation, Inc., 891 So.2d 532, 536 (Fla. 2004).[1] JBI counters that CH is liable under a "freestanding" statutory cause of action and therefore not barred from recovery against CH by the economic loss rule.

The economic loss rule has arguably never barred causes of actions against professionals for malpractice or professional negligence. See Moransais v. Heathman, 744 So.2d 973 (Fla. 1999) (stating that it was "never intended to bar well-established common law causes of action, such as those for neglect in providing professional services."). The common law cause of action holding professionals liable for their negligent conduct, and the conduct of those employees and associates overseen by the professionals, is recognized with respect to engineers by statute in section 471.023, Florida Statutes. Moransais, 744 So.2d at 978. At the current stage of Florida law and the economic loss rule, it is much clearer that professional negligence is carved out as one of the exceptions which the economic loss rule does not bar. Curd v. Mosaic Fertilizer,

---

[1] CH also cited this Court's order in East Coast Brokers & Packers, Inc. v. Seminis Vegetable Seeds, Inc., No. 8:07-cv-171-T-26TBM, 2009 WL 302076, *2 (M.D. Fla. Feb. 6, 2009), for the premise that the asserted misconduct "must not be related to the performance of the contract, but rather must be independent of it."

LLC, 993 So.2d 1078, 1082 (Fla.Dist.Ct.App. 2008) (listing the types of exceptions to include professional negligence and then even adding a fourth for "negligent provision of services resulting in foreseeable economic losses by those who might reasonably rely upon the service provided, even though they are not in contractual privity with the service provider.").

Professional negligence or malpractice is a claim that often arises out of or relates to a contract for services. Cf. Giller v. Cafeteria of South Beach Ltd., LLP, 967 So.2d 240, 242 (Fla.Dist.Ct.App. 2007) (holding that arbitration clause in agreement defining services to be rendered in architectural contract applied to malpractice claim even though there was no contract between parties to the suit). Yet, professional liability is not always so well-defined as to limit it to the terms of the contract for services. It is not so much a question of whether privity exists, for example in this case in the form of the Teaming Agreement between CH and JBI, but a question of whether the contested services were foreseeably required to be provided in a manner commensurate with professional standards. Indeed, malpractice may be either contract-based or tort based. See § 95.11(4)(a), Fla. Stat.; Auto-Owners Ins. Co. v. ACE Elec. Serv., Inc., No. 6:08-cv-1454-Orl-19DAB, 2009 WL 2602566 (M.D. Fla. Aug. 25, 2009).[2] Thus, the Court finds that

---

[2] Auto-Owners involved a motion to dismiss and the need for clarification of the nature of the malpractice action—contract or tort. There is nothing that would limit a claim for malpractice, however, based on either theory when privity exists. Along these lines, the Florida Supreme Court has written:

> While provisions of a contract may impact a legal dispute,

the negligence claim in count II against CH should not be resolved at this time on summary judgment when all of the facts comprising the alleged actions constituting negligence are still in dispute.

**COUNT III (Breach of Warranty)**

To the extent that count III against CH asserts a claim for breach of an express warranty based on the written contract, such a claim is permitted. With respect to the claim for breach of an implied warranty against Bear, the case law provided to this Court holds that the theory of breach of implied warranty does not readily apply to an engineer's professional services. In an engineer's preparation of design materials and specifications, an engineer "does not 'warrant' his service or the tangible evidence of his skill to be 'merchantable' or 'fit for an intended use.'" Audlane Lumber & Builders Supply, Inc. v. D.E. Britt, 168 So.2d 333, 335 (Fla.Dist.Ct.App. 1964). Recognizing the application of "warranties" to goods in general and avoiding a decision based on privity,

---

> including an action for professional services, the mere *existence of such a contract should not serve per se to bar an action for professional malpractice*. Further, the mere existence of a contract between the professional services corporation and a consumer does not eliminate the professional obligation of the professional who actually renders the service to the consumer or the common law action that a consumer may have against the professional provider. *While the parties to a contract to provide a product may be able to protect themselves through contractual remedies, we do not believe the same may be necessarily true when professional services are sought and provided.*

Moransais, 744 So.2d at 983 (emphasis added).

the court in <u>Audlane</u> likened an engineer's "warranty" to the "exercise[] [of] his skill according to a certain standard of care, and that he act[] reasonably and without neglect." In that case, the court affirmed the granting of a dismissal based on the failure to state a claim for breach of an implied warranty against an engineer. Accordingly, the Court grants summary judgment in favor of Bear on the claim of breach of implied warranty.

## DELAY DAMAGES

Genuine issues of material fact prevent entry of summary judgment in favor of Defendants. Taking the evidence in the light most favorable to the nonmoving party, the Plaintiff, there is a sufficient showing at this stage that the project could have been completed earlier than it was actually completed, resulting in a financial loss to the Plaintiff attributable to the Defendants. There are issues of fact as to exactly when the design drawings should have been completed and whether any events excused the delay.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1) Defendant's Motion for Partial Summary Judgment (Dkt. 55) is granted as to the breach of implied warranty claim in count III against Bear but denied in all other respects.

(2) Partial Summary Judgment is entered as to Bear on count III for breach of implied warranty.

(3) This case will proceed to trial on the remaining claims.

**DONE AND ORDERED** at Tampa, Florida, on October 8, 2009.

s/*Richard A. Lazzara*

**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record